■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TED MARVIN DANIEL, Appellant. — Judgment of resentence of the

Supreme Court, New York County (Hortense Gabel, J., at jury trial and sentence), rendered March 27, 1981, nunc pro tunc as of March 9, 1981, convicting the defendant of robbery in the second degree and imposing a sentence of 7½ to 15 years, is unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing, and the judgment is otherwise affirmed.

While we find no merit to the other arguments raised by the defendant on appeal, in response to defendant's plea, *inter alia,* for leniency, the court responded: "I have no choice in this matter at all", and proceeded to impose a sentence with a minimum of 8 and a maximum of 15 years.

The error was twofold. On one hand, obviously, the imposition of said minimum would contravene Penal Law § 70.06 (4) (b), to wit: the minimum for a second felony must be fixed by the court at one half of the maximum. On the other hand, the court's statement that it had "no choice" but to impose the aforementioned sentence with a maximum of 15 years would appear to suggest that the court may have misunderstood its discretionary power to fix the maximum for a second felony offender at any amount *between* at least 6 years but not to exceed 15 years. (*See,* Penal Law § 70.06 [3] [c].) The fact that the court thereafter rectified the former problem by resentencing the defendant, nunc pro tunc, to a term of 7½ to 15 years does not clarify the latter problem.

Since the court did have a choice of imposing a sentence other than the maximum permissible by statute, we vacate the sentence and remand the matter for resentencing in accordance with the foregoing. Concur — Sandler, J. P., Carro, Milonas and Kassal, JJ.